IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRIAN SCHWEINERT,

                     Plaintiff,                            ORDER

       v.                                            09-cv-467-vis

MICHELLE MCCRAY,

                     Defendant.

---

Plaintiff Brian Schweinert claims that defendant Michelle McCray acted with deliberate indifference to plaintiff's serious medical needs when she failed to adequately treat plaintiff's shoulder injury. Now plaintiff has filed a motion for appointment of counsel and a letter dated December 5, 2009 that I construe as a motion for an order directing prison officials to pay the remainder of the filing fee from his release account. Dkts. 17, 18.

In deciding whether to appoint counsel, I must first find that plaintiff has made a reasonable effort to find a lawyer on his own and has been unsuccessful or that he has been prevented from making such an effort. *Jackson v. County of McLean*, 953 F.2d 1070 (7th Cir. 1992). To prove that he has made a reasonable effort to find a lawyer, plaintiff must give the court the names and addresses of at least three lawyers that he asked to represent him on the issues on which he has been allowed to proceed and who turned him down. Plaintiff has attached to his motion copies of four letters he received from lawyers declining to represent him in this case. Because plaintiff has shown that he has made reasonable efforts to find a lawyer on his own, I will address the merits of his motion.

As a starting point, this court would appoint a lawyer to almost every pro se plaintiff if lawyers were available to take these cases. But they are not. Most lawyers do not have the time, the background or the desire to represent pro se plaintiffs in a pro bono capacity, and this court

cannot make them. So the court only appoints counsel in cases where there is a demonstrated need, using the appropriate legal test.

A district court must consider both the complexity of the case and the pro se plaintiff's ability to litigate it himself. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). In his motion, plaintiff asks for court-appointed counsel because he cannot afford to hire a lawyer and because he believes he will be unable to litigate this complex case given his limited knowledge of the law. But plaintiff's claim is not unusually complex. It is a straightforward Eighth Amendment claim of denial of medical care. The law governing this type of claim has been settled since *Estelle v. Gamble*, 429 U.S. 97, 103 (1976), and the court explained it to plaintiff in the order granting him leave to proceed.

As for plaintiff's ability to litigate this case, he has done an adequate job of representing himself to this point. His submissions have been coherent and articulate. If plaintiff is concerned that he is not well-versed in court procedure, his knowledge and ability should improve as the case progresses. At the October 21, 2009 preliminary pretrial conference I instructed plaintiff about how to use discovery techniques available to all litigants so that he can gather the evidence he needs to prove his claim. In addition, I provided to plaintiff a copy of this court's procedures for filing or opposing dispositive motions and for calling witnesses, both of which were written for the very purpose of helping pro se litigants understand how these matters work. Finally, this court handles about 150 prisoner lawsuits every year, so it is familiar with and sensitive to the challenges that plaintiff faces so that it can protect his procedural and substantive rights as this case moves forward. In sum, I am not persuaded that plaintiff's case

is so complex or his skills so lacking that appointment of counsel is warranted at this time. I will deny his motion without prejudice to plaintiff renewing it at a later stage in this lawsuit.

Next, I am denying plaintiff's motion to use his release account funds to pay the filing fee. In his motion, plaintiff says that the Department of Corrections has adopted a policy change that increases the amount of money held in a prisoner's release account from $500 to $5,000. He says that this policy change has created a "hardship" for him because funds in his prison account are now being deducted for two obligations (the balance in his release account and the filing fee in this case) instead of one.

Under the Prison Litigation Reform Act, an inmate who files a lawsuit in federal court under the *in forma pauperis* statute must pay the $350 filing fee, first by making an initial partial payment and then by sending the remainder of the fee to the court in installments of 20% of the preceding month's income in accordance with 28 U.S.C. § 1915(b)(2). On July 27, 2009, this court entered an order assessing plaintiff a $19.94 initial partial payment of the filing fee, which plaintiff paid on August 14, 2009. In the same order, I explained that plaintiff could use his release account funds to pay some or all of the assessed amount but that he could not ask prison authorities to pay *all* of his filing fee from his release account.

Although this court appreciates the initiative plaintiff has shown to pay his remaining balance promptly, plaintff cannot use his release account funds in the way that he requests. The language in 28 U.S.C. § 1915(b)(1) suggests that prison officials are required to use a prisoner's release account to satisfy an *initial partial payment* if no other funds are available. *Carter v. Bennett*, 399 F. Supp. 2d 936, 936-37 (W.D. Wis. 2005). However, with the exception of initial partial payments, this court does not have the authority to tell state officials whether and to

what extent a prisoner should be able to withdraw money from his release account. Plaintiff's motion to use his release account funds to pay the remainder of the filing fee will be denied.

ORDER

It is ORDERED that:

(1) Plaintiff's motion for appointment of counsel, dkt. 18, is denied without prejudice;

(2) Plaintiff's motion for an order directing prison officials to pay the remainder of his filing fee from his release account, dkt. 17, is denied.

Entered this 22nd day of December, 2009.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge