IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BRIAN SCHWEINERT,

                                                                          OPINION AND ORDER

                 Plaintiff,

                                                                       09-cv-467-wmc

       v.

MICHELLE McCRAY,

                 Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Pursuant to 42 U.S.C. § 1983, plaintiff Brian Schweinert is proceeding, *in forma pauperis,* on his claim that defendant Michelle McCray was deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights. Now before the court are defendant's motion for summary judgment, plaintiff's motion for summary judgment and plaintiff's renewed motion to appoint counsel. For the reasons that follow, defendant's motion for summary judgment will be granted and plaintiff's motions will be denied.

RENEWED MOTION TO APPOINT COUNSEL

       Before taking up the parties' summary judgment motions, the court addresses plaintiff's renewed motion to appoint counsel. In resolving a motion for appointment of

1

counsel, a district court must consider both the complexity of the case and the pro se plaintiff's ability to litigate himself. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). A motion to appoint counsel was denied earlier in the lawsuit because the court determined that Schweinert's claim did not involve unusual complexity and Schweinert had demonstrated that he was able to litigate the case himself. Dkt. # 19. Schweinert has not demonstrated that circumstances have changed such that he now requires appointment of counsel. As stated in the court's order granting Schweinert leave to proceed, dkt. #6, the law governing Schweinert's deliberate indifference claim has been settled since *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). Also, Schweinert's submissions to the court show that he is able to comprehend the court's instructions regarding his claim and to respond accordingly. Although the summary judgment stage of the lawsuit, and what follows, can present unique challenges to pro se litigants who are unfamiliar with legal procedure, Schweinert was provided with a copy of the court's procedures in the pretrial conference order, which included instructions for filing or opposing dispositive motions. Dkt. #16. Schweinert managed to comply with those instructions in opposing McCray's summary judgment motion and continues to demonstrate that he has the requisite skill level to represent himself in this matter. Thus, Schweinert's renewed motion to appoint counsel will be denied.

2

MOTIONS FOR SUMMARY JUDGMENT

Undisputed Facts[1]

**A. Parties**

Plaintiff Brian Schweinert is a Wisconsin state prisoner who has been housed at the Oakhill Correctional Institution in Oregon, Wisconsin. Defendant Michelle McCray is employed as a licensed nurse practitioner at the Oakhill Correctional Institution. McCray's duties include assessing, evaluating and treating prisoners in the Wisconsin prison system.

**B. Schweinert's Medical Care**

Schweinert was transferred to the Oakhill Correctional facility in October 2008. When a prisoner arrives at that institution, he is assigned to either the physician's practice panel or the nurse practitioner's practice panel. Both a physician and nurse practitioner have the ability to prescribe medications and determine courses of treatment for prisoners.

Upon arriving, a nurse completed a transfer screening for Schweinert and noted that he had special restrictions placed on him because of left shoulder pain, including a lower bunk, extra pillow and shoulder brace. The nurse noted that Schweinert was scheduled for a magnetic resonance imaging test (MRI) and, on October 21, 2008, McCray ordered a

---

[1] From the parties' proposed findings of fact, the court finds that the following facts are undisputed for purposes of the parties' motions for summary judgment.

3

prescription of ibuprofen for Schweinert because of his persistent shoulder pain.

About a week later, Schweinert received his scheduled MRI, and McCray reviewed the results. McCray met with Schweinert to discuss his left shoulder pain. McCray told Schweinert that the MRI showed that he had a mild degenerative joint disease. Schweinert asked to be seen by an orthopedic specialist. After discovering that Schweinert had already received approval for such a consult from the institution in which he had been housed previously, McCray scheduled one.

On January 6, 2009, an orthopedic specialist examined Schweinert's left shoulder. The specialist noted that Schweinert had a subacromial osteophyte that was irritating his rotator cuff, and he suggested that Schweinert see a sports medicine fellow to consider arthroscopic subacromial decompression for his left shoulder pain. On February 25, 2009, McCray submitted a "class III" request for a follow-up examination with a sports medicine fellow.

A class III request is the procedure a physician or nurse practitioner uses if he or she determines that a prisoner has a medical need requiring him to see an off-site specialist or receive a procedure that cannot be performed on-site. The physician or nurse practitioner submits a class III request to the bureau of health services for approval and if the request is approved, the submitting physician or nurse practitioner is notified. Health services staff can then make an appointment for the prisoner to be seen by the appropriate medical care

4

provider.

The committee reviewed McCray's class III request and in light of Schweinert's demonstrated range of motion and ability to work, the committee recommended continued "conservative treatment," including anti-inflammatory medicine, joint supplements, physical therapy and rest. On March 12, 2009, McCray spoke to Schweinert about the committee's recommendations. Schweinert wanted to undergo surgery because of his pain, but McCray did not submit a request for surgery. McCray did tell Schweinert that if he was not satisfied with her care, he could submit a request for a different medical care provider.

In April 2009, McCray renewed Schweinert's order for ibuprofen and supplements. McCray noted that Schweinert continued to have pain, even after receiving physical therapy, steroid injections, medications and special restrictions so she increased Schweinert's dose of ibuprofen and prescribed a capsaicin cream. In the same visit, McCray observed that Schweinert had full range of motion. She ordered that Schweinert return to work with no restrictions.

On June 10, 2009, McCray reviewed Schweinert's health services requests, past examinations and doctors' notes. She submitted a class III request for Schweinert to be evaluated by an orthopedic surgeon. When the request was approved, McCray forwarded Schweinert's medical information to the orthopedic surgeon. A couple weeks later, an orthopedic surgeon examined Schweinert and recommended elective left shoulder surgery.

5

At this point, Dr. Bridgwater was assigned to oversee Schweinert's medical case. Dr. Bridgwater submitted a class III request for surgery, noting that because more conservative treatment had failed, he recommended surgery. The committee asked Dr. Bridgwater to discuss the option with the orthopedic surgeon, who had previously examined Schweinert and recommended an examination by a sports medicine fellow. After consulting with the orthopedic surgeon, Dr. Bridgwater submitted a new class III request for surgery and the committee approved the request on September 30, 2009. McCray ordered ibuprofen for Schweinert for an additional three months.

On November 12, 2009, Schweinert received surgery on his left shoulder. Following the surgery, McCray ordered vicoden for Schweinert to help alleviate his pain. In December, McCray wrote an order for Schweinert to receive an x-ray of his left clavicle. Shortly after, Dr. Bridgwater submitted a class III request for exploratory surgery on Schweinert's left shoulder due to post operative shoulder hematoma. The request was approved and Schweinert received a second surgery in February 2010.

## Opinion

Based upon the above, there is insufficient evidence to support a factual finding that McCray provided inadequate medical care in violation of the Eighth Amendment. While a jury could find that Schweinert has a serious medical need, no reasonable jury could find

6

that McCray was so reckless in her conduct that she acted with deliberate indifference to Schweinert's needs in refusing to submit a request for surgery and providing other treatment instead. Therefore, McCray's motion for summary judgment will be granted and Schweinert's motion will be denied.[2]

## A. Summary Judgment Standard

Under Fed. R. Civ. P. 56, summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the court must view all facts and draw all inferences from those facts in the light most favorable to the non-moving party. *Schuster v. Lucent Technologies, Inc.*, 327 F.3d 569, 573 (7th Cir. 2003). Nonetheless, the party that bears the burden of proof on a particular issue may not rest on its pleadings but must affirmatively demonstrate through the proposal of specific facts that there is a genuine issue of material fact that requires a trial. *Hunter v. Amin*, 583 F.3d 486, 489 (7th Cir. 2009) (internal quotation omitted); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

The applicable substantive law will dictate which facts are material. *Darst v. Interstate Brands Corp.*, 512 F.3d 903, 907 (7th Cir. 2008). Further, a factual dispute is "genuine"

---

[2] Standing alone, Schweinert's motion for summary judgment could also be denied on the grounds that it was filed late and did not include proper support.

only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248; *Roger Whitmore's Automobile Services, Inc. v. Lake County, Ill.*, 424 F.3d 659, 667 (7th Cir. 2005). The court's function in a summary judgment motion is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue of material fact left for trial. *Anderson*, 477 U.S. at 249; *Hemsworth v. Quotesmith.Com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007). Here, there is not.

## B. Deliberate Indifference to a Serious Medical Need

The Eighth Amendment prohibits prison employees from showing deliberate indifference to prisoners' serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). To defeat defendant's motion for summary judgment, Schweinert must present facts from which a reasonable jury could infer that he had a serious medical need and that McCray was deliberately indifferent to that need. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997).

### 1. Schweinert's Serious Medical Need

The Court of Appeals for the Seventh Circuit has held that "serious medical needs" encompass not only conditions that are life-threatening or that carry risks of permanent, serious impairment if left untreated, but also those in which the deliberately indifferent

8

withholding of medical care results in needless pain and suffering. *Gutierrez*, 111 F.3d at 1371. A condition meets this standard if it is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005).

In light of the evidence, a reasonable jury could find that Schweinert had an objectively serious medical need. It is undisputed that Schweinert had substantial left shoulder pain, even after receiving physical therapy, steroid injections, special restrictions and pain medications. While Schweinert had full range of motion, he had a degenerative joint disease for which all "conservative treatments" had failed. Indeed, he ultimately received multiple surgeries to treat the disease.

### 2. McCray's Deliberate Indifference

Where Schweinert's claim falls short is with respect to the deliberate indifference component, which requires him to establish that McCray acted with a sufficiently culpable state of mind. *Gutierrez*, 111 F.3d at 1369. Because Schweinert received some medical treatment from McCray, the question is whether that treatment was "so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate" Schweinert's serious medical condition. *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) (internal quotation omitted). Mere disagreement with a doctor's medical judgment,

9

inadvertent error, negligence, malpractice or even gross negligence in providing treatment is insufficient to establish deliberate indifference. *Edwards v. Snyder*, 478 F.3d 827, 831 (7th Cir. 2007); *Washington v. LaPorte County Sheriff's Dept.*, 306 F.3d 515, 518 (7th Cir. 2002). Additionally, a prisoner has no right to a specific course of treatment under the Eighth Amendment. *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997) ("[The plaintiff] is not entitled to demand specific care. She is not entitled to the best care possible. She is entitled to reasonable measures to meet a substantial risk of serious harm.").

Under the facts presented, no reasonable jury could find that McCray's decision to have Schweinert wait to receive shoulder surgery was "so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate" his medical condition. *Snipes*, 95 F.3d at 592. Schweinert may not have agreed with McCray's recommendation, which ultimately proved inadequate as a permanent remedy, but McCray did not ignore Schweinert's medical complaints, nor did she refuse to provide treatment. McCray prescribed pain medications, met with him to review examination results, asked him if he would like to take off work, arranged an evaluation by an orthopedic surgeon, submitted a request for a follow up examination by a sports medicine fellow, followed through with the committee's alternative recommendation of "conservative treatment," and when that failed arranged for another examination by the orthopedic surgeon.

While Dr. Bridgwater recommended surgery after others had not, Schweinert has not

10

presented any evidence that McCray failed to provide the medical care required of her. Indeed, after both the committee and an orthopedic surgeon recommended that Schweinert pursue treatment other than surgery, McCray lacked the authority to pursue any course other than conservative treatment, at least until that proved ineffective.

Moreover, a medical provider does not demonstrate deliberate indifference merely by using a method of treatment that other medical providers do not prefer or even find inappropriate. *See, e.g., Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 261 (7th Cir. 1996). In this case, it does not seem that McCray and Dr. Bridgwater even had a difference of opinion. Dr. Bridgwater recommended surgery only after the more conservative treatment had not worked and the orthopedic surgeon ultimately recommended surgery, and Dr. Bridgwater relied on those facts when he made his recommendation. Nothing suggests that Dr. Bridgwater or any other medical professional would have followed a different course. On the contrary, McCray seemed on board even after the surgery, writing out pain medication and ordering a shoulder x-ray.

Finally, Schweinert states repeatedly that McCray had negative personal feelings toward him and belittled his medical condition. But a medical provider's bad attitude is not enough to give rise to a deliberate indifference claim. While accepting for purposes of summary judgment that McCray could have had a better "bedside manner," there is no evidence that she provided inadequate medical care in violation of the Eighth Amendment.

11

Therefore, McCray is entitled to summary judgment.[3]

## ORDER

IT IS ORDERED that

    1. Plaintiff Brian Schweinert's renewed motion to appoint counsel, dkt. #31, is DENIED.

    2. Plaintiff's motion for summary judgment, dkt. #30, is DENIED.

    3. Defendant Michelle McCray's motion for summary judgment, dkt #21, is GRANTED.

    4. The clerk of court is directed to enter judgment in favor of defendant and close this case.

Entered this 3rd day of August, 2010.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

---

[3] Because McCray is entitled to summary judgment, there is no need to address her qualified immunity defense.